Filed 8/12/22 P. v. Kelley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C095672 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2101367) |
| v. | |
| GREGORY DEAN KELLEY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Gregory Dean Kelley, has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the trial court's order.

FACTS AND HISTORY OF THE PROCEEDINGS

The People's complaint charged defendant with driving or taking a vehicle without the consent of the owner (Veh. Code, § 10851, subd. (a)) with an allegation he had suffered a prior strike (Pen. Code, §§ 667, subd. (b)-(i), 1170.12, subd. (b).) (Statutory section citations that follow are found in the Penal Code.) The parties resolved the case with defendant pleading guilty and admitting the prior strike. In exchange,

1

defendant would receive a stipulated sentence to the lower term of 16 months doubled to 32 months because of the prior strike. The stipulated factual basis for the plea was that defendant took his friend's Ford Expedition with a value over $1,000 without permission. The Expedition was reported stolen, but was not recovered until after it was involved in an accident approximately a week later.

On October 18, 2021, the trial court sentenced defendant in accordance with the plea agreement and awarded defendant 83 actual days plus 82 conduct days for a total of 165 days custody credits. The court also imposed a $300 restitution fine (§ 1202.4), a $300 suspended parole revocation restitution fine (§ 1202.45), a $40 court operations assessment fee (§ 1465.8), a $30 conviction assessment fee (Gov. Code, § 70373), and a $4 emergency medical air transportation fee (Gov. Code, § 76000.10(c)(1)). Finally, the court reserved jurisdiction to award victim restitution and set the matter for a contested restitution hearing. (§ 1202.4, subd. (f).) The court denied defendant's ex parte request to modify the sentence to waive these fines and fees on January 20, 2022.

At the contested restitution hearing on January 27, 2022, defendant failed to offer any evidence contradicting the victim's $3,500 request for the loss of the Ford Expedition. Finding the victim's opinion valuing the Expedition legally sufficient, the court awarded the $3,500 and reserved jurisdiction to award the additional $500 requested upon an explanation of the losses from inside the Expedition justifying the award. The same day, defendant filed a notice appealing the January 27, 2022 restitution order. The record does not reflect a separate notice of appeal from the underlying October 18, 2021 judgment.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.

2

(*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have located no published authority that speaks to the applicability of *Wende* procedures to an appeal from a trial court's original order setting victim restitution where the court reserved jurisdiction at the original sentencing hearing (§§ 1202.4, subd. (f), 1202.46) and defendant has not appealed the underlying judgment of conviction. However, because defendant's contested restitution hearing was part of his original criminal prosecution and a continuation of sentencing (*People v. Dehle* (2008) 166 Cal.App.4th 1380, 1386), we have reviewed the record in accordance with *Wende*. Having done so, we find no arguable issue that could result in a disposition more favorable to defendant. Accordingly, we will affirm the trial court's restitution order.

DISPOSITION

The trial court's order is affirmed.

 

 

 

_____

            HULL, Acting P. J.

We concur:

 

_____

RENNER, J.

 

_____

EARL, J.

3